Judgment reversed, and new trial granted; costs to abide final award of costs. All concur, except HIRSCHBERG, P. J., and JENKS, J., who dissent.

---

(110 App. Div. 67)

### In re WEIL'S ESTATE.

(Supreme Court, Appellate Division, Second Department.   December 29, 1905.)

1. EXECUTORS AND ADMINISTRATORS—JUDGMENT AGAINST—ORDER FOR EXECUTION—EFFECT.

By the express provisions of Code Civ. Proc. § 2552, a surrogate's order permitting a judgment creditor to issue an execution against an executor is, except upon appeal therefrom, conclusive evidence of sufficiency of assets to satisfy the executor.

2. SAME—PAYMENT TO CREDITOR—ORDER—APPLICATION—BURDEN OF PROOF.

Where, on an application for an order directing an administrator to pay a judgment creditor, the administrator admitted that the assignment of the beneficial interest, on which judgment was based, was made prior to the decree for final accounting, thereby in effect admitting that applicant was a proper party thereto, the burden was on the administrator to show that the applicant was bound by the decree for final accounting by having notice thereof.

Appeal from Order of Surrogate, Kings County.

Judicial proceedings on the settlement of the estate of Henry A. Weil, deceased.   Appeal by Levi Pakelnishky, a judgment creditor, from an order of the surrogate refusing to make a decree that the administrator pay a judgment obtained against him.   Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-WARD, JENKS, and RICH, JJ.

Samuel Packard, for appellant.

Benjamin F. Norris, for respondent.

JENKS, J. This is an appeal from an order of the surrogate refusing to make a decree or order that an administrator pay a certain judgment obtained against him. In answer to the petition the administrator showed that the judgment was based upon the assignment of a distributive share of the estate; that in December, 1904, when the action was begun, which went to this judgment, the accounting had been filed and marked for decree in the absence of objections; and that the decree was afterwards entered, although he does not show the time of such entry. The petitioner further showed that the distributive share was $115, a sum less than the judgment, which the petitioner stood ready to pay. The surrogate denied the application, without opinion.

The difficulty in the way of an affirmance is twofold: First, if the denial of the application was based upon the provision of section 1826 of the Code of Civil Procedure: "Where it appears that the assets, after payment of all sums chargeable against them for expenses, and for claims entitled to priority as against the plaintiff, are not, or will not be, sufficient to pay all the debts, legacies, or other claims of the class to which the plaintiff's claim belongs, the sum, directed to be collected by the execution, shall not exceed the plaintiff's just proportion of the assets"—we are confronted by an order of February 24, 1905, entered in the Surrogate's Court, granting leave to the petitioner to issue execution upon his judgment, which order, except on appeal therefrom, is conclusive evidence of assets applicable to the judgment. Section 2552, Code Civ. Proc. Second, if the denial of this application was based upon the conclusiveness of the decree, it does not appear in these proceedings, by allegation, recital, or reference (and the basis of the order was simply the petition and the answering affidavit), that the petitioner was bound by such decree as being either a party to the accounting or as having been served with notice of the proceedings, yet the administrator admits that the assignment of the beneficial interest was made in August, 1904, and duly filed in the office of the surrogate, and hence, in effect, that the petitioner was a proper party. Code Civ. Proc. § 2806. The burden was upon the administrator to show that the petitioner was bound by the decree. Redfield on Surrogates (6th Ed.) 1081, and authorities cited.

The order must be reversed, with $10 costs and disbursements, and motion granted. All concur.